UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WALTER L. BOND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 11-CV-2062 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

Petitioner, Walter L. Bond, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) on February 25, 2011.[1] On September 26, 2011, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#18). On October 27, 2011, the government filed its Response (#19) to the Petitioner's Amended Motion. On November 14, 2011, the Petitioner filed a Reply (#21) to the government's Response. For the following reasons the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DISMISSED.

### BACKGROUND

### I. PLEA AGREEMENT

On December 4, 2007, Petitioner was charged by indictment with one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) in Case Number 07-

---

[1] According to the prison mailbox rule, Petitioner's Motion was filed on February 25, 2011, instead of the date it was electronically filed on February 28, 2011. Houston v. Lack, 487 U.S. 266, 270 (1988); see also Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999) (extending the prison mailbox rule to prisoners filing *pro se* habeas corpus petitioners).

1

CR-20113 in this court. On January 25, 2008, Petitioner pled guilty to the charged offense, pursuant to a written plea agreement. Prior to making the decision to enter into the plea agreement, Petitioner asked John Taylor ("Taylor"), his appointed counsel, to argue that his prior aggravated battery conviction was not a qualifying crime of violence for purposes of his possible status as a career offender. Taylor agreed to consider this request and argue against career offender status at the sentencing hearing. As part of the written plea agreement, Petitioner waived his right to collaterally attack his sentence in exchange for the opportunity to cooperate with the United States and possibly receive a recommendation for a reduced sentence. Specifically, the waiver in the plea agreement provided as follows:

> The defendant also understands that he has a right to attack his conviction or sentence collaterally on the grounds that the Constitution or laws of the Unites States were violated, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the conviction or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.
>
> Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his

>conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

Plea Agreement ¶29-30. At Petitioner's change of plea hearing on January 25, 2008, Petitioner, under oath and in open court, stated that his guilty plea, including the waiver of appeal and collateral attack, was knowingly and voluntarily made. Additionally, Petitioner acknowledged that the decision to plead guilty to the charged offense and enter into the plea agreement was not contingent on any promises not contained in the written plea agreement.

## II.  SENTENCING

Petitioner's sentencing hearing was held on April 21, 2008. Petitioner was subject to a statutory maximum sentence of 30 years imprisonment for his offense, because he had a prior felony drug conviction. Petitioner's Presentence Report ("PSR") classified Petitioner as a career offender based on his prior felony convictions for aggravated battery and possession of cocaine with the intent to distribute. Classified as a career offender, Petitioner faced an advisory sentencing guideline range of 188 to 235 months of imprisonment. At the sentencing hearing, this court conducted a thorough colloquy with Taylor, as well as Petitioner himself, ensuring that there were no objections to the PSR that classified Petitioner as a career offender. Taylor and Petitioner both affirmatively acknowledged to this court that they did not have any objections to any aspect of the PSR, including Petitioner's classification as a career offender.

The United States recommended a sentence of 188 months imprisonment, which was at the bottom of the advisory guidelines range, based on Petitioner's cooperation up to that point. Taylor also requested that this court impose a sentence at the bottom of the advisory

3

guidelines range, arguing that Petitioner's classification as a career offender over-represented his criminal history because the prior aggravated battery conviction was based solely on a "smack in the head in a public place." This court imposed a sentence of 188 months based on the recommendation of the United States.[2] This court entered its written judgment in Petitioner's case on April 23, 2008. Petitioner's conviction became final on May 7, 2008, because Petitioner did not pursue a direct appeal within the time allowed. Thereafter, on September 5, 2008, Petitioner received additional benefit for his cooperation under the plea agreement. Specifically, the United States moved this court, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, to reduce the Petitioner's sentence based on his substantial assistance. This court granted the motion, reducing Petitioner's sentence to 140 months of imprisonment.

### III. PETITIONER'S MOTION TO CORRECT SENTENCE

On February 25, 2011, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). After considering the initial filings by the parties in this case, on July 22, 2011, this court entered an Order (#10) appointing Petitioner counsel. Petitioner, with assistance of counsel, was granted leave to file an Amended Motion under § 2255 which addressed the timeliness and waiver issues present in this case. Appointed counsel, in preparing for filing the Amended Motion, obtained the following affidavit from Taylor, which was ready for Taylor's signature:

---

[2] Petitioner also received an additional consecutive sentence of 24 months imprisonment for a violation of supervised release. Petitioner has not challenged this sentence, therefore, this violation and resulting consecutive sentence will not be further addressed.

> Walter Bond requested that I argue at a sentencing hearing, as part of the negotiated plea process, that the Macon County Aggravated Battery conviction was not a qualifying crime of violence.  I advised that I would consider this request and make the best argument for him that I could at sentencing.
> . . .
> When the Presentence Report included the 1995 Aggravated Battery . . . as a qualifying crime of violence for Career Criminal Offender status, I did not object, despite Walter Bond's prior request that I object.  I did not object on the basis of strategy, believ[ing] that the government would make more favorable sentencing recommendations at the sentencing hearing or at a later hearing that would be held pursuant to Rule 35 of the Federal Rules of Criminal Procedure.
> . . .
> That I did not consider the potential impact of United States v. Begay, 553 U.S. 137 (2008) (which was decided one week before Walter Bond's sentencing hearing) on Walter Bond's case, and though I could have argued that the reasoning behind the Begay holding would apply to Walter Bond's prior Aggravated Battery conviction to make it a non-qualifying conviction for Career Criminal Offender classification purposes.  I did not make this argument at Walter Bond's sentencing hearing on April 21, 2008, nor at the Rule 35 sentencing hearing on September 5, 2008.

Unfortunately, Petitioner and his appointed counsel were unable to agree on the appropriate strategy with regards to Petitioner's Motion, therefore the appointment of counsel was vacated, and this affidavit was never signed by Taylor.[3]  On September 26, 2011, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#18), which addressed the issues of timeliness and waiver.  On October 27, 2011, the government filed its Response (#19) to the Petitioner's Amended Motion.  On November 14, 2011, the Petitioner filed a Reply (#21) to the government's Response.

---

[3]Despite the failure of Petitioner to have this affidavit signed by Taylor, this court, presuming that it was initially prepared by Taylor and is a true and accurate description of events, will construe its contents as evidence for purposes of this Motion.

## ANALYSIS

Before this court can reach the merits of Petitioner's appeal, this court must determine whether to dismiss Petitioner's appeal because he entered into a plea agreement which contained a waiver of the right to file a motion under 28 U.S.C. § 2255. A waiver of a right to file a motion under 28 U.S.C. § 2255 is generally enforceable. See, e.g., Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). There are only a few narrow exceptions to the rule that such waivers are enforceable—specifically, a waiver will not be enforceable if: (1) it was not entered into knowingly and voluntarily; (2) the trial court relied on a constitutionally impermissible factor in sentencing (such as race); (3) the sentence exceeded the statutory maximum; or (4) the petitioner is able to demonstrate ineffective assistance of counsel in connection with negotiating the agreement itself. Jones, 167 F.3d at 1144–45; Mason, 211 F.3d at 1069. There is no dispute in this case that: (1) the trial court did not rely on a constitutionally impermissible factor; and (2) that Petitioner's sentence of 188 months did not exceed the statutory maximum of 30 years for his offense. Additionally, there is no dispute that Petitioner entered into the plea agreement knowingly and voluntarily. At the change of plea hearing on January 25, 2008, Petitioner, while under oath and in open court, acknowledged that his plea and decision to enter into the written plea agreement was knowing and voluntarily. These statements under oath and in open court are entitled to a presumption of verity, and there has been no evidence offered by the Petitioner that would overcome this presumption. See United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999). Moreover, Petitioner acknowledges that he entered into the agreement knowingly and

voluntarily in his filings with the court in this case.

Petitioner, however, argues at great length that he is able to demonstrate ineffective assistance of counsel in connection with negotiating the plea agreement itself. Specifically, Petitioner explains that Taylor was ineffective primarily[4] because Taylor promised that he would contest his status as a career offender at sentencing and failed to do so. Petitioner further asserts that but for Taylor's promise to contest his status as a career offender at sentencing, he would not have been willing to enter into the plea agreement. However, Petitioner does not allege that Taylor, or the government, made any promise that he would not be sentenced as a career offender or that he would receive any particular sentence from this court—instead, Petitioner claims solely that Taylor promised he would contest such a status.[5] Even assuming that everything that Petitioner claims in this appeal is accurate, under Seventh Circuit precedent, Petitioner's claim fails to demonstrate that Petitioner received ineffective assistance of counsel in connection with negotiating the plea agreement.

---

[4]Petitioner also seems to argue that Taylor was ineffective for advising him, during the plea negotiations, that Taylor would be unlikely to be successful in arguing that Petitioner should not be considered a career offender. This claim has no merit, as this statement was an accurate prediction based on the law at the time of the plea negotiations. Moreover, if this statement was made by Taylor, it makes Petitioner's argument that he would not have entered into the plea agreement absent Taylor's promise to challenge his career offender status less credible.

[5]This court believes that this distinction is very important in this case. The promise to contest career offender status certainly is not ineffective assistance of counsel. Alternatively, if Taylor had promised Petitioner that he would not be considered a career offender if he entered into the plea agreement, that promise might present this court with a reason to find ineffective assistance of counsel at the time the plea agreement was being negotiated.

The Seventh Circuit has explained that the claimed ineffective assistance of counsel must relate to the negotiation of the agreement itself—it is insufficient for a petitioner to establish that counsel was ineffective after the agreement was entered into, such as at the subsequent sentencing hearing. See Mason, 211 F.3d at 1069.  In Mason, the Seventh Circuit upheld the district court's decision to enforce the waiver of petitioner's post-conviction relief because the petitioner's claim of ineffective assistance of counsel related only to counsel's performance at sentencing.  Id.  In this case, Petitioner's claims of counsel's ineffectiveness, which focus on Taylor's failure to live up to his promise at ***sentencing***, are remarkably similar to those that the Seventh Circuit considered in Mason.  See id. ("[Petitioner] merely challenges the fact that his attorney did not adequately challenge the drug quantity for which [petitioner] was held accountable and the fact that he did not persist in his request for a downward departure greater than the two levels granted by the sentencing court."). Petitioner's own argument contained in his Reply (#21) makes it clear that Taylor was not ineffective in negotiating the plea agreement:

> It was not until his counsel failed to inform him of the Begay decision (which dramatically impacted the law on career offender status) one week prior to Bond's sentencing, and not until Bond's counsel then failed to contest Bond's career offender status at sentencing, that his counsel rendered himself ineffective.

See Petitioner's Reply (#21), p. 5.  This acknowledgment by Petitioner of the timing of Taylor's claimed ineffectiveness demonstrates to this court that Petitioner is not claiming he received ineffective assistance in negotiating the plea agreement.  Rather, it is clear that Petitioner's only claims of ineffectiveness relate to Taylor's performance at the sentencing hearing by: (1) failing to make himself aware of all relevant case law, namely the Supreme Court's decision in Begay; and (2) failing to live up to the promise to contest Petitioner's

status as a career offender. Unfortunately for the Petitioner, he waived such claims of ineffectiveness by entering into the plea agreement knowingly and voluntarily. Therefore, this court finds that the waiver contained in the plea agreement between the Petitioner and the government is enforceable and bars Petitioner's Motion pursuant to 28 U.S.C. § 2255.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). If the district court denies the certificate, a petitioner may request that a circuit judge issue one. Fed. R. App. Proc. 22(b)(1). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion should be dismissed because the waiver in Petitioner's plea agreement is enforceable. Accordingly, this court declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1, #18) are DISMISSED.

(2) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 16th day of December, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE